FILED
SUPERIOR COURT
OF GUAM

2018 MAY -9 PM 12: 17

CLERK OF COURT
BY: ____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| GUAM POLICE DEPARTMENT,<br><br>                Petitioner,<br><br>vs.<br><br>THE GUAM CIVIL SERVICE COMMISSION,<br><br>                Respondent,<br><br>and<br><br>MARK C. CHARFAUROS,<br><br>                Real Party in Interest. | SPECIAL PROCEEDINGS<br>CASE NO. SP0133-17<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on February 9, 2018, for hearing on Respondent Guam Civil Service Commission's ("CSC") Motion to Dismiss and Real Party in Interest Mark C. Charfauros's ("Charfauros") Motion to Dismiss. Attorney R. Rodd Thompson was present on behalf of CSC, Attorney F. Randall Cunliffe was present on behalf of Charfauros, and Assistant Attorney General Duane J. Sablan was present on behalf of Petitioner Guam Police Department ("GPD"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On September 11, 2017, GPD filed a Petition for Judicial Review, requesting the Court to set aside and reverse the CSC Decision and Judgment issued on August 15, 2017, in Adverse

*GPD vs. CSC and Charfauros*
Case No.SP0133-17
Decision and Order



Page 1 of 7

Action Appeal No. 17-AA02D. The subject of the adverse action appeal was Charfauros' demotion from the rank of Police Colonel to Police Major.

At the Hearing on the Merits on June 22, 2017, GPD sought to call Charfauros as its first witness. The CSC voted 3-1 against allowing GPD to proceed in that manner. No additional witnesses were called, and the parties gave brief closing arguments.

GPD then filed Petitions for Writs of Prohibition and Mandamus with the Superior Court of Guam, seeking to prevent the CSC from rendering a decision on the merits without allowing GPD to present its case in the manner that it deemed appropriate. *See Guam Police Department vs. CSC, et al.,* Special Proceedings Case No. SP0092-17. The petition for the writs was denied based on jurisdictional grounds, and the CSC proceeded to deliberate and render its decision.

The CSC's seventeen page Decision and Judgment found that GPD "did not meet its burden of proof to show clearly and convincingly that the action of the department was correct. Indeed, Management did not put forth any evidence to prove its case." (CSC Dec. & Judgment at 17, Aug. 15, 2017).

On October 2, 2017, Charfauros filed a Motion to Dismiss the Petition for Judicial Review for failure to state a claim and for lack of jurisdiction, pursuant to Rules 12(b)(6) and 12(b)(1) of the Guam Rules of Civil Procedure. On October 27, 2017, GPD filed its Opposition. On November 7, 2017, Charfauros filed his Reply. A Motion Hearing was calendared for December 15, 2017.

On November 9, 2017, the CSC filed a separate Motion to Dismiss Petition or in the alternative, motion for summary judgment. On December 7, 2017, GPD filed its Opposition to the Motion to Dismiss and an Alternative Cross-Motion for Summary Judgment.

On December 15, 2017, at the calendared Motion Hearing, the parties requested the matter be continued as the briefing period for the second Motion to Dismiss had not yet concluded, and both matters could be addressed at a single hearing. The Court continued the matter to February 9, 2018.

On December 20, 2017, CSC filed its Reply.

*GPD vs. CSC and Charfauros*
Case No.SP0133-17
Decision and Order

Page 2 of 7

On February 9, 2018, the Court heard oral arguments on both motions to dismiss, and subsequently placed both matters under advisement.

## DISCUSSION

The Court has before it two motions to dismiss, one of which includes in the alternative a motion for summary judgment. The Court will first address Charfauros' Motion to Dismiss, as it may moot the CSC's Motion to Dismiss.

**Charfauros' Motion to Dismiss**

Charfauros moves the Court to dismiss the Petition for Judicial for Review pursuant to Guam Rules of Civil Procedure ("GRCP") 12(b)(1) and 12(b)(6). Charfauros moves the Court to dismiss this matter under Rule 12(b)(1) because the Court has no subject matter jurisdiction. *See generally*, Mot. Dismiss, Oct. 2, 2017. Charfauros argues that "[w]hat is subject to judicial review is the Commission's decision to sustain, modify or revoke the action." *Id.* at 3. Charfauros argues that the Petition for Judicial Review "does not go to [the CSC] decision, it goes to a request to call witnesses in an order other than that proposed by the Civil Service Commission, over which the Court has no power for judicial review." *Id.*

GPD opposes, arguing that the Superior Court has jurisdiction to review *any* action taken by the CSC. *See* Opp'n at 3-5, Oct. 27, 2017.

"A dismissal pursuant to Rule 12(b)(1) is only proper . . . when the claim clearly appears to be immaterial. . . . the threshold to withstand a motion to dismiss under Rule 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." *Watts v. I.R.S.*, 925 F.Supp. 271, 274 (D.N.J. 1996) (internal citations and alterations omitted).

Here, the Petition for Judicial Review ("Petition") requests that the CSC's August 15, 2017 Decision and Judgment be set aside and reversed, and that the matter be remanded back to the CSC for further proceedings and a hearing on the merits. (Petition, Sep. 11, 2017). The Petition alleges the following:

16. The CSC misapplied the time standards set forth in Public Law 33-55 when, in the 'interests of expediency', it denied Management the ability to call the Employee as it['s] first witness.

*GPD vs. CSC and Charfauros*
Case No.SP0133-17
Decision and Order

Page 3 of 7

17. The CSC's decision to deny Management the ability to call the Employee as its first witness was irrational and contrary to law because the time standards that prompted the CSC to make that decision are merely aspirational.

18. The CSC's decision to deny Management the ability to call the Employee as its first witness was contrary to law because such rule was not adopted through the Administrative Adjudication Law's rule-making process.

19. The CSC's decision to prevent Management from calling witnesses in the order that Management deemed appropriate was irrational and resulted in undue prejudice as a decision on the merits was ultimately rendered without Management presenting its case.

20. The CSC's decision to prevent Management from calling the Employee as its first witness severely impaired Management's counsel's ability to provide effective representation.

21. The CSC's decision to deny Management's request to continue the matter pending an appeal to the Superior Court of Guam was irrational and contrary to law because a decision on the merits was ultimately rendered without Management presenting its case.

(Petition at 3-4, Sep. 11, 2017).

Title 4 G.C.A. § 4406, Adverse Action Procedures and Appeals, provides that the CSC or appropriate entity "may sustain, modify or revoke the action taken. The decision of the Commission or appropriate entity shall be final, but subject to judicial review." 4 G.C.A. § 4406. Judicial review in this matter is governed by 5 G.C.A. § 9240, which provides:

> Judicial review may be had of any agency decision by any party affected adversely by it. If the agency decision is not in accordance with the law or not supported by substantial evidence, the court shall order the agency to take action according to the law or the evidence.

*See also* 4 G.C.A. § 4403(d) ("[t]he [CSC's] decision shall be final but subject to judicial review."). Thus, on judicial review, courts must "properly determine[] that the CSC's decision was in accordance with the law and supported by substantial evidence." *Guam Waterworks Auth. v. Civil Serv. Comm'n (Mesngon)*, 2014 Guam 35 ¶ 5. The Court must "review all conclusions of law *de novo*, and will hold unlawful and set aside any agency action, findings and conclusions found to be irrational, or otherwise not in accordance with law or unsupported by substantial evidence in a case." *Id.* (citation omitted).

*GPD vs. CSC and Charfauros*
Case No.SP0133-17
Decision and Order

Page 4 of 7

Here, the CSC found that "Management did not meet its burden of proof to show clearly and convincingly that the action of the department was correct" and voided the February 7, 2017 adverse action. The Court finds that it has jurisdiction to determine whether the CSC decision was in accordance with the law pursuant to 5 G.C.A. § 9240, and will not dismiss the matter pursuant to Rule 12(b)(1).

Charfauros also moves the Court to dismiss this matter under Rule 12(b)(6) because the Petition fails to state a claim upon which relief can be granted.

When considering a Rule 12(b)(6) dismissal, the Court must:

> construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. Dismissal for failure to state a claim is appropriate *only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief.*

*Taitano v. Calvo Fin. Corp.*, 2009 Guam 9 ¶ 6 (internal citations and quotation marks omitted) (emphasis added). *See also Core Tech Intern. Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Guam law only requires a short and plain statement of the claim showing entitlement to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 52. "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Government of Guam*, 2010 Guam 4 ¶ 14 (citation omitted). Courts, however, "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 16 (citation omitted).

Here, Charfauros argues that although GPD asserts that it should be allowed to call witnesses in the order that it deems appropriate without input from the CSC, Guam's Administrative Adjudication Act provides that an employee may not be called by his or her employer in their case in chief, and that the CSC's rule that management "can call the employee

*GPD vs. CSC and Charfauros*
Case No.SP0133-17
Decision and Order

Page 5 of 7

at the end of their case is an actual violation of [5 G.C.A.] § 9225. (Mot. Dismiss at 3-4). Charfauros argues that "the rules and regulations promulgated by the Commission must follow the Administrative Adjudication Law," and as the law says that "[GPD] cannot call the employee in its case in chief means that the [GPD's] complaint fails to state a claim upon which relief can be granted." (Reply at 3, Nov. 9, 2017). GPD, in opposition, argues that "[w]hen conducting adverse action appeals, the CSC must adhere to the rules that it promulgates – not the general AAL rules." (Opp'n at 6).

The CSC's Rules of Procedure for Adverse Action Appeals provide that "[e]ach party shall have the right to call, examine, or cross-examine witnesses, and introduce exhibits." Rule 11.2.4. The CSC's Rules also provide the order of presentation at the hearing on the merits.[1] Rule 11.2.6. The CSC's Rules do not provide, however, any mention of an order of the witnesses. In 2015, however, the CSC "began using the principle of the employee testifying only once as management's final witness" after the establishment of time standards and case management in Public Law 33-055 (Jun. 13, 2015), codified at 4 G.C.A. § 4406.2. (Petition, Ex. A, CSC Dec. & Judgment at 6-9 (Aug. 15, 2017)).

Guam law provides that "[t]he rules of the Commission are subject to the Administrative Adjudication Law." 4 G.C.A. § 4409. Accordingly, any rules promulgated by the CSC must be in accordance with Guam's Administrative Adjudication Law. The Administrative Adjudication Law provides that:

> Each party shall have these rights: to call and examine witnesses; to introduce exhibits; to cross-examine opposing witnesses on any matter relevant to the issues even though that matter was not covered in the direct examination; to impeach

---

[1] The CSC Rules provide that the order of presentation shall be as follows:

    a.   Opening statement of Management;
    b.   Opening statement of Employee;
    c.   Presentation by Management of evidence in support of the charges;
    d.   Presentation by the Employee of such evidence in defense or rebuttal;
    e.   Closing statement of Management;
    f.   Closing statement of Employee.

Rule 11.2.6.

*GPD vs. CSC and Charfauros*
Case No.SP0133-17
Decision and Order

Page 6 of 7

any witness regardless of which party first called him to testify; and to rebut the evidence against him. *If respondent[2] does not testify in his own behalf, he may be called and examined as if under cross-examination.*

5 G.C.A. § 9225 (emphasis added). The Court finds that the last sentence in section 9225 provides that an employee, as the respondent, may not be called as a witness until he has had an opportunity to testify on his own behalf, and has failed to do so. The CSC's Decision and Judgment also acknowledges section 9225, briefly stating that the statute "suggests that perhaps the Employee should not be permitted to be called during Management's case-in-chief at all." (Petition, Ex. A, Dec. & Judgment at 8). The Court finds that the CSC's failure to allow Charfauros to testify first in GPD's case in chief does not create a cause of action for GPD, because an employee is not able to testify in management's case in chief under section 9225. Accordingly, the Court grants Charfauros' Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, as the CSC's rules must comport with the Administrative Adjudication Act pursuant to 4 G.C.A. § 4409.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Charfauros' Motion to Dismiss, and the CSC's Motion to Dismiss is deemed MOOT.

**IT IS SO ORDERED** this 9th day of May, 2018.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: OFFICE of the AG - civil
Thompson Thompson & Alcantara
Date: 5-9-18 Time: 12:22 pm
A. Sanfas
Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: CUNLIFFE + COOK

Date: 5-9-18 Time: 12:22 pm
A. Sanfas
Deputy Clerk, Superior Court of Guam

[2] "*Respondent* means any person against whom an accusation is filed or against whom a statement of issues is filed pursuant to [the Administrative Adjudication Law]." 5 G.C.A. § 9105.

*GPD vs. CSC and Charfauros*
Case No.SP0133-17
Decision and Order